# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 2:16-CR-160-TLS-JEM |
| JAMES E. SNYDER | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Count 2 [ECF No. 329] and Motion to Dismiss Count 3 [ECF No. 331] and the Government's Second Motion to Strike, or in the alternative, an Extension of Time to Seek Reconsideration [ECF No. 344]. The Court will also address various Motions [ECF Nos. 313, 318, 320, 334] which are pending in this case. For the reasons stated below, these Motions are DENIED.

## BACKGROUND

On November 17, 2016, the Grand Jury charged the Defendant with corruptly soliciting bribes in relation to the City of Portage's towing contract (Count 1); corruptly soliciting bribes in relation to contracts approved by the Portage Board of Works and a construction project undertaken by the Portage Redevelopment Commission (Count 2); and corruptly interfering with the administration of the internal revenue laws (Count 3).[1] Indictment, ECF No. 1.

On September 21, 2018, the Defendant filed a Motion to Strike Pursuant to Rule 7(D) [ECF No. 130]. In pertinent part, the Defendant argued that paragraphs 1–20 of Count 3 described conduct which was irrelevant and outside the statute of limitations. On January 8, 2019, the Honorable Joseph S. Van Bokkelen rejected this argument and concluded as follows:

---

[1] Although these Counts are identified in the Indictment as Counts 1, 3, and 4, at trial, the Counts were presented to the Jury as Counts 1, 2, and 3.

> Paragraphs 1–20 are necessary to understand the scheme and contain facts that the government must prove at trial. While the alleged conduct—standing alone—would be outside the six-year statute of limitations, *see* 26 U.S.C. § 6531(6), it is not stand-alone conduct. Rather, the earlier acts are intertwined with the acts that do fall within the statute of limitations, thus making the earlier acts relevant and proper to this case. As a result, the Court denies Mr. Snyder's motion to strike paragraphs 1–20 of [Count 3].

Order, pp. 2–3, ECF No. 200.

On January 14, 2019, this matter proceeded to a jury trial. *See* ECF No. 218. On February 14, 2019, the Jury found the Defendant not guilty of Count 1. *See* Jury's Verdict, p. 2, ECF No. 256. However, the jury found the Defendant guilty of Counts 2 and 3. *Id.* at 3–4.

On February 28, 2019, the Defendant filed a Rule 33 Motion for a New Trial [ECF No. 263] as to Counts 2 and 3. In pertinent part, as it related to Count 2, the Defendant argued that a new trial was required due to alleged prosecutorial misconduct. Mot. for a New Trial ¶¶ 4, 6. The Defendant had also filed a Motion for Judgment of Acquittal [ECF No. 245] at the end of the Government's case in chief. As relevant here, the Defendant argued that the Government failed to present sufficient evidence from which a rational jury could find the Defendant guilty of Count 3. *See* Mot. for Judgment of Acquittal, p. 21.

On November 27, 2019, Judge Van Bokkelen granted in part and denied in part the Defendant's Motion for a New Trial and denied the Defendant's Motion for Judgment of Acquittal. *See* Order, p. 17, ECF No. 322. Judge Van Bokkelen granted the Defendant's request for a new trial as it related to Count 2. *Id.* at 17. Judge Van Bokkelen concluded that "in the interest of justice, a new trial is required on Count 2" due to "the cumulative effect of several irregularities on behalf of the government." *Id.* at 7. Judge Van Bokkelen then described the irregularities at length. *See id.* at 7–13. However, Judge Van Bokkelen specifically did not make a finding of prosecutorial misconduct. *Id.* at 13 ("Although the Court is not finding prosecutorial misconduct, the government 'pushed the envelope.'"). Furthermore, Judge Van Bokkelen found

that a new trial was not required on Count 3 because "[t]he two counts were distinct from each other to the point that the problems identified in Count 2 did not flow over into Count 3." *Id.* at 17. In ruling on the Motion for Judgment of Acquittal, as it related to Count 3, Judge Van Bokkelen specifically found as follows:

> [T]he government presented sufficient evidence that Mr. Snyder intended to obstruct or impede the IRS, that his false filings weren't mere mistakes or oversights. Mr. Snyder shielded his income from the IRS through diverting GVC payments to SRC, thus creating an impression that FFTM was destitute. This scheme had reasonable tendency to obstruct the due administration of the IRS laws. With Mr. Snyder misrepresenting his affairs, the IRS was led into believing that a full collection effort would have been futile. Finally, there was significant evidence showing that Mr. Snyder's intentions in evading the collection were corrupt.

*Id.* at 16. On December 6, 2019, Judge Van Bokkelen conducted a telephonic status conference at which he ordered that he would not accept any motions to reconsider. *See* ECF No. 325; *see also* Mot. to Dismiss Count 2, p. 1, ECF No. 329 ("Judge Van Bokkelen instructed the parties at the last telephonic conference (DE # 325) to not file any motions to reconsider.").

On December 11, 2019, the Clerk of Court reassigned this case to the undersigned as the presiding judge. *See* Order, ECF No. 327. On December 23, 2019, the Defendant filed the instant Motion to Dismiss Count 2 [ECF No. 329]. In essence, the Defendant argues that Judge Van Bokkelen erred by not finding prosecutorial misconduct and requests that Count 2 be dismissed due to this alleged prosecutorial misconduct. *See* Mem. in Supp. of Def.'s Mot. to Dismiss, p. 1, ECF No. 332 ("Given the substance of Judge Van Bokkelen's findings, Count 2 should be *dismissed*, and we respectfully request this Court grant Mr. Snyder that relief."). On December 23, 2019, the Defendant also filed the instant Motion to Dismiss Count 3 [ECF No. 331]. Essentially, the Defendant argues that the Government failed to prove any of the allegations in Count 3 which are still punishable under the statute of limitations. On December 26, 2019, the Government filed the instant Motion to Strike, or in the alternative, an Extension of Time to Seek

3

Reconsideration [ECF No. 344] in which it seeks leave of court to file a motion to reconsider Judge Van Bokkelen's order which granted a new trial on Count 2.

## ANALYSIS

As indicated above, both the Government and the Defendant disagree with Judge Van Bokkelen's rulings on the Motion for Acquittal and the Motion for New Trial. For the reasons stated below, the parties' motions are DENIED.

"Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (citing *Agostini v. Felton*, 521 U.S. 203, 236 (1997)). "The twin goals of this doctrine are to ensure that the parties marshal all of their facts and arguments so that a dispute may be resolved in one pass, and to conserve judicial resources." *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005). In an exercise of discretion, a court may reconsider a previous ruling in the same litigation "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Harris*, 531 F.3d at 513 (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006)). However, the Seventh Circuit has cautioned that, "because litigants have a right to expect consistency even if judges change, the second judge should 'abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect.'" *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (quoting *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997)); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005) ("Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred."); *see also United States v. Walters*, No. 88 CR 709, 1991 WL 280286, at *3 (N.D. Ill. Nov. 15, 1991) ("Furthermore, a

district court judge does not review a fellow district court judge's decision for error in the manner in which an appellate court might. Instead, comity requires that the second judge should follow the prior ruling unless there are reasons to believe that substantial changes justify a fresh review.").

In this case, the Defendant argues that Count 2 should be dismissed because of purported prosecutorial misconduct. However, Judge Van Bokkelen explicitly did not find prosecutorial misconduct. Judge Van Bokkelen presided over this trial and was therefore in the best position to determine whether prosecutorial misconduct occurred. *See United States v. Marshall*, 75 F.3d 1097, 1107 (7th Cir. 1996) ("A trial judge's decision regarding prosecutorial misconduct is reviewed for an abuse of discretion for we assume that the trial judge is in the best position to determine whether an incident was so serious as to warrant a mistrial." (internal quotation marks omitted)). Regardless, under the law of the case doctrine, the Court declines to revisit Judge Van Bokkelen's findings regarding the existence of prosecutorial misconduct. *See Horton*, 423 F.3d at 680. The Government also requests that it be given leave of court to file a motion to reconsider Judge Van Bokkelen's order which granted a new trial on Count 2. For the reasons explained above, this request is also denied pursuant to the law of the case doctrine. *See id.*

The Defendant also argues that Count 3 should be dismissed pursuant to the statute of limitations. The Defendant argues that "Judge Van Bokkelen's ultimate ruling makes clear" that "the government only proved the conduct that Judge Van Bokkelen had already ruled would be outside the statute of limitations by itself, and did not prove any of the alleged acts that could, perhaps in theory, save the earlier acts as part of a scheme." Mot. to Dismiss Count 3, p. 2, ECF No. 331. As noted above, the Defendant previously argued in his September 21, 2018 Rule 7(d) Motion to Strike that paragraphs 1–20 of Count 3 described conduct which was outside the

statute of limitations. However, Judge Van Bokkelen rejected this argument and concluded as follows:

> Paragraphs 1–20 are necessary to understand the scheme and contain facts that the government must prove at trial. While the alleged conduct—standing alone—would be outside the six-year statute of limitations, *see* 26 U.S.C. § 6531(6), it is not stand-alone conduct. Rather, the earlier acts are intertwined with the acts that do fall within the statute of limitations, thus making the earlier acts relevant and proper to this case. As a result, the Court denies Mr. Snyder's motion to strike paragraphs 1–20 of [Count 3].

Order, pp. 2–3, ECF No. 200.

After the Defendant was convicted of Count 3, Judge Van Bokkelen held that the Government presented sufficient evidence to support this conviction. Specifically, Judge Van Bokkelen found as follows:

> [T]he government presented sufficient evidence that Mr. Snyder intended to obstruct or impede the IRS, that his false filings weren't mere mistakes or oversights. Mr. Snyder shielded his income from the IRS through diverting GVC payments to SRC, thus creating an impression that FFTM was destitute. This scheme had reasonable tendency to obstruct the due administration of the IRS laws. With Mr. Snyder misrepresenting his affairs, the IRS was led into believing that a full collection effort would have been futile. Finally, there was significant evidence showing that Mr. Snyder's intentions in evading the collection were corrupt.

Order, p. 17, ECF No. 322. Based upon these rulings, the Court finds that Judge Van Bokkelen addressed and rejected the merits of the Defendant's statute of limitations argument. Accordingly, pursuant to the law of the case doctrine, the Court declines to readdress this issue. *See Horton*, 423 F.3d at 680. Furthermore, notwithstanding the Defendant's lengthy argument, Judge Van Bokkelen did not find that the Government "only" proved conduct which would be outside the statute of limitations. Thus, the Court rejects the Defendant's strained interpretation of Judge Van Bokkelen's Order.

The Defendant argues in the alternative that "Count 3 as indicted and as instructed to the jury is 'duplicitous.'" Mem. in Support of Mot. to Dismiss Count 3, p. 20; *see also United States*

*v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982) ("A duplicitous count is one that charges more than one distinct and separate offense."). Accordingly, the Defendant argues that Count 3 should be dismissed because "there was no special verdict form or instruction" which could have guided the Jury. Mem. in Supp. of Mot. to Dismiss Count 3, p. 21. However, the Defendant agreed to the jury instruction for Count 3. *See id.* at 20 n. 5 ("Neither party proposed a special jury instruction, nor a special verdict form, for Count 3. Mr. Snyder ultimately agreed to the Count 3 instruction."). "Although passive silence with regard to a jury instruction permits plain error review, a defendant's affirmative approval of a proposed instruction results in waiver." *United States v. Natale*, 719 F.3d 719, 729 (7th Cir. 2013) (citations omitted). This waiver forecloses the Defendant's ability to challenge the proposed instruction. *United States v. Kirklin*, 727 F.3d 711, 716 (7th Cir. 2013); *United States v. Griffin*, 493 F.3d 856, 864 (7th Cir. 2007). Furthermore, to the extent that Count 3 may have been duplicitous, the issue is forfeited because (1) the Defendant should have raised the issue earlier and (2) the Defendant failed to demonstrate good cause for his delay. *See United States v. Nixon*, 901 F.3d 918, 920 (7th Cir. 2018) ("Nixon did not ask the district court before trial to dismiss the indictment as duplicitous. She raised the subject for the first time during a mid-trial conference devoted to jury instructions. That delay forfeited her current argument.").

      Finally, as a matter of docket management, the Court will address the various other motions which are pending in this case. On September 27, 2019, the Defendant filed a Motion for Clarification Regarding the Status of the Buhas' Immunity [ECF No. 313] in which he requested "clarification regarding whether the Buhas have immunity to testify at the sentencing hearing . . . so that he may plan his presentation accordingly." Mot. at 5. The Defendant also filed a Motion to Strike Sentencing Memorandum [ECF No. 318] on November 21, 2019.

However, in light of his November 27, 2019 Order granting Defendant's request for a new trial on Count 2, Judge Van Bokkelen vacated the sentencing hearing which he had previously scheduled. Order, ECF No. 323. Based upon the procedural posture of this case and the vacated sentencing hearing, the Court denies the Motion for Clarification [ECF No. 313] and Motion to Strike Sentencing Memorandum [ECF No. 318] as moot.

On November 25, 2019, the Defendant also filed a Motion for Order to Show Cause [ECF No. 320] in which he requested that the Court "hold a hearing where the prosecution can explain why they should not be lightly censured for violating their obligations to accurately represent case law and the factual record to the Court." Mot. at 13. However, the purported misconduct occurred while Judge Van Bokkelen was the presiding judge and prior to the case reassignment on December 11, 2019. *See* Order, ECF No. 327. Judge Van Bokkelen was in a far better position to determine whether the prosecution should have been "lightly censured" for their purported misconduct, yet he apparently did not believe that the prosecutor's actions warranted a hearing on the matter. Furthermore, the Court finds that the requested relief would be an inefficient use of judicial resources. Thus, in an exercise of discretion, the Court denies the Motion for Order to Show Cause. *See Foreman v. Wadsworth*, 844 F.3d 620, 627 (7th Cir. 2016) (recognizing that whether to censure an attorney is "left to the sound discretion of the district court.").

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Dismiss Count 2 [ECF No. 329], the Defendant's Motion to Dismiss Count 3 [ECF No. 331], the Government's Second Motion to Strike, or in the alternative, an Extension of Time to Seek Reconsideration [ECF No. 344], and the Defendant's Motion to Show Cause [ECF No. 320]. The

Court further DENIES AS MOOT the Defendant's Motion for Clarification Regarding the Status of the Buhas' Immunity [ECF No. 313], the Defendant's Motion to Strike Sentencing Memorandum [ECF No. 318], and the Government's First Motion to Strike, or in the alternative, an Extension of Time to Seek Reconsideration [ECF No. 334].

    SO ORDERED on January 21, 2020.

                                      s/ Theresa L. Springmann
                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT