IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-cr-160 |
| ) | |
| JAMES E. SNYDER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

James Snyder has moved for dismissal of Count 2 of the indictment (solicitation of bribery), the only count remaining for trial in this case. He argues that his re-trial on this count would be outside the 70-day window provided by the Speedy Trial Act, and he asks the Court to dismiss the count with prejudice. Snyder also argues that his re-trial would violate his constitutional right to a speedy trial. For the reasons stated below, the Court denies Snyder's motion.

### Background

Snyder is the former mayor of the City of Portage, Indiana. In 2019, he was convicted by a jury on charges of corruptly soliciting or accepting bribes in relation to the City's contracts to purchase garbage trucks (Count 2) and corruptly interfering with the administration of Internal Revenue laws (Count 3). The jury acquitted Snyder on a charge of corruptly soliciting or accepting bribes in relation to the City's tow list (Count 1). On November 27, 2019, on Snyder's motion, Judge Joseph Van Bokkelen granted a

new trial on Count 2.

Since Judge Van Bokkelen's November 2019 order granting a new trial, several motions, continuances, and the COVID-19 pandemic have all contributed to delays in the retrial of Count 2.  On November 2, 2020, Snyder asserted his right to a speedy trial and informed the Court that he intended to file the present motion to dismiss.

## Discussion

Snyder alleges two violations of his speedy-trial rights: a statutory violation and a constitutional violation.  The alleged statutory violation involves the Speedy Trial Act; the alleged constitutional violation involves the Sixth Amendment.

**A.    Statutory right to a speedy trial**

The Speedy Trial Act requires that when a "defendant is to be tried again . . . following an order [by the trial judge] for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(e).  If a defendant is not brought to trial within the Act's 70-day period, the information or indictment "shall be dismissed on motion of the defendant" with or without prejudice.  18 U.S.C. § 3162(a)(2); *see also id.* § 3161(e) ("The sanctions of section 3162 apply to [subsection 3161(e)].").

"To provide courts with the necessary flexibility to accommodate pretrial proceedings," the Speedy Trial Act allows certain intervals of time between arraignment and trial to be excluded from consideration under the 70-day limit.  *United States v. Hills*, 618 F.3d 619, 626 (7th Cir. 2010); *see also* 18 U.S.C. § 3161(e) (stating that the "periods of delay enumerated in Section 3161(h) are excluded in computing the time limitations specified in [subsection 3161(e)])."  Among the excluded intervals is any

2

"delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[,]" 18 U.S.C. § 3161(h)(1)(D), and "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A).

The period relevant for Snyder's Speedy Trial Act argument is November 27, 2019, when Judge Van Bokkelen granted a new trial, to November 16, 2020, the date on which the district's chief judge entered the most recent of several orders making ends-of-justice findings based on the COVID-19 pandemic. When calculating excluded time for continuances, courts must "count from the day after the case is continued to the date of the next appearance." *United States v. Bell*, 925 F.3d 362, 374 n.1 (7th Cir. 2019). But "for motions that are filed and remain pending, the Supreme Court and the Seventh Circuit count from and including the date the motion was filed through and including the date it was resolved." *Id.*; *see also* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The chart below outlines the events that occurred between November 27, 2019 and November 16, 2020. Where applicable, the dates and events include their corresponding docket entries. When dates in the parties' briefs conflicted with the dates recorded on the docket, the Court used the dates recorded on the docket. Numbers in parentheses concern events that potentially would toll the 70-day period under the Act.

| Date | No. of days | Event |
|---|---|---|
| Nov. 28 – Dec. 6, 2019 | 9 | No exclusion applies |
| Dec. 7, 2019 – Jan. 20, 2020 | (45) | Government requests 45-day continuance to review trial transcripts; Snyder did not object to the 45-day continuance and agreed to exclude this time from calculation under the Act (Dkt. no. 325)[1] |
| Jan. 21 – 26, 2020 | 6 | No exclusion applies |
| Jan. 27 – 28, 2020 | (2) | Defense attorney motion to withdraw (Dkt. no. 349, 351) |
| Jan. 29 – 30, 2020 | (2) | Defense attorney motion to withdraw (Dkt. no. 352, 353) |
| Jan. 31 – Feb. 2, 2020 | 3 | No exclusion applies |
| Feb. 3 – 10, 2020 | (8)[2] | Joint motion to continue pretrial and trial dates (Dkt. no. 354, 355) |
| Feb. 11, 2020 | 1 | No exclusion applies |
| Feb. 12 – 13, 2020 | (2) | Government's unopposed motion to continue hearing (Dkt. no. 356, 357) |
| Feb. 14 – March 4, 2020 | 20 | No exclusion applies |
| March 5 – Oct. 22, 2020 | (232) | Defense motions to dismiss on double jeopardy and "supervisory authority" grounds (Dkt. no. 363–66, 404–05); at oral argument on August 24, 2020, Snyder agreed to exclude the time between argument and the issuance of Judge Theresa Springmann's opinion (no later than October 24, 2020) (Dkt. no. 402) |
| Oct. 23 – Nov. 15, 2020 | 24 | No exclusion applies |

Snyder argues that at least 77 non-excluded days have passed since Judge Van Bokkelen granted him a new trial on Count 2. This calculation omits certain dates the government argues are excluded under the Act. By the government's count, only 62

---

[1] The government argues that, in addition to the 45 days excluded due to the continuance, four additional days must be excluded because the parties' next appearance before Judge Van Bokkelen was not until January 24, 2020. The Court need not address this argument because even if those four days are not excluded under the Act, 70 non-excluded days have not passed since the new trial was granted.

[2] The government contends this period encompasses only seven days, but that number is incorrect because, including the date the motion was filed and the date the motion was resolved, eight days passed. *See Bell*, 925 F.3d at 374 n.1.

non-excluded days have passed.

### 1. "Ministerial" motions

First, the government contends that the time during which certain pretrial motions were pending is excluded regardless of whether they actually delayed the trial date. Specifically, it argues that the time that the two defense motions to withdraw and the two motions to continue were pending are automatically excluded under section 3161(h)(1)(D).[3] Snyder concedes that pretrial motions are excludable under the Act, but he characterizes the two motions to withdraw, and perhaps the motions to continue, as "merely ministerial" and therefore inappropriate for exclusion under the Act.

No controlling authority supports Snyder's position. The Act itself undercuts Snyder's argument: it provides that delays "resulting from *any* pretrial motion" are excluded from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(1)(D) (emphasis added); *see also* 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.3(b) n.29 (4th ed. 2020) ("Because Congress said 'any,' there is no authority for excluding some pretrial motions on the basis that they do not require a significant amount of thought or attention by the court.") (certain internal quotation marks omitted). Moreover, the Supreme Court has expressly held that filing a pretrial motion tolls the clock "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011).

---

[3]The government argues in the alternative that the 70-day clock for the new trial on Count 2 did not begin until the time for appeal ran because until then the order granting a new trial was not yet final. *See* 18 U.S.C. § 3161(e) ("If the defendant is to be tried again following . . . an order . . . for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."). The Court need not address this argument, because even if the clock began on the day Judge Van Bokkelen's order was entered, 70 non-excluded days have not yet elapsed.

Though Snyder cites *United States v. Parker*, 30 F.3d 542 (4th Cir. 1994), for support, that case is unpersuasive. First, the Court cannot agree with the proposition that the motions in question were merely "ministerial," as Snyder contends. On the motions to withdraw, an attorney cannot exit from a case by simply giving notice. Leave of the court is required, so counsel must *request* leave to withdraw. *See* N.D. Ind. L. R. 83–8(c). And in a criminal case, withdrawal of an attorney is, or at least can be, a matter of consequence, even if (as was the case here) the attorney is one of several representing the client. As for the motions to continue,[4] even an "agreed" or unopposed motion to continue a pretrial or trial date still requires approval of the court. There is no rule that the parties can bind the court to vacate or extend a date by simply agreeing to a continuance.

Second, even if the motions were "ministerial," the discussion of "merely ministerial" motions in *Parker*—which is not binding authority to begin with—is dicta. *See id.* at 550. As the Fourth Circuit noted, the motions in *Parker*—a motion to withdraw counsel and the decision to substitute counsel—were not "ministerial." *See id.* In fact, the court's discussion of ministerial motions was limited to a hypothetical: "*if* a district court were to assert, after the fact, that a series of consecutive 30–day delays had been 'reasonably attributable' to the consideration of pretrial motions, yet we found those motions to be clearly frivolous or *merely ministerial*, *we would not* hesitate to reverse for an abuse of discretion." *Id.* (emphasis added). In any event, to the extent that dicta is persuasive, it is arguably foreclosed by the Supreme Court's decision in

---

[4] Snyder does not appear to contest this exclusion in his reply, but his opening brief describes the period including February 3-10, 2020 as a period for which "no exclusion applies," Def.'s Mot. at 4, so the Court addresses it for purposes of completeness.

6

*Tinklenberg*.  *See Tinklenberg*, 563 U.S. at 650.

In sum, the pretrial motions automatically tolled the Speedy Trial Act clock.

### 2. Judge Van Bokkelen's 45–day continuance and Judge Springmann's post-hearing exclusion of time

In his reply brief, Snyder also takes issue with the exclusion of two other periods. The first, a continuance, came soon after Judge Van Bokkelen granted a new trial on Count 2.  On December 6, 2019, the government requested a 45-day continuance in order to review the prior trial's transcripts so that it could assess how it should proceed going forward, and it specifically requested an exclusion of this time under the Speedy Trial Act.  Snyder did not object to the 45-day continuance and expressly agreed to exclusion of this time under the Act, saying "[w]e do not object on a speedy trial basis." Dkt. no. 388 at 4.

The second event occurred while Judge Springmann considered Snyder's motions to dismiss on double jeopardy and "supervisory authority" grounds.  After hearing oral argument on these motions, Judge Springmann advised the parties that although she had originally expected to rule within 30 days, for various reasons, largely concerning the complexity of the parties' presentations, she anticipated it would be closer to 60 days.  The judge also stated that she wanted to obtain the transcript of the parties' lengthy oral arguments and said that "I would like to make sure that there are no issues with that additional time . . . and effectively extending the time period that might otherwise bump against the speedy trial time limits."[5]   Dkt. no. 403 at 120.  When

---

[5] Under 18 U.S.C. § 3161(h)(1)(H), a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is automatically excluded.  Presumably for this reason,

asked if the defense had "any concern or issues," Snyder's counsel stated, "Your Honor, we have no objection to that calendar." *Id.*

Snyder has now done an about-face on both of these points: he argues that neither Judge Van Bokkelen's 45-day continuance nor Judge Springmann's 30-day extension should be excluded under the Act. Specifically, Snyder contends that Judge Van Bokkelen's 45-day continuance is non-excludable because the judge did not make sufficient or valid ends-of-justice findings under section 3161(h)(7). With regard to the period after the oral argument on the motions to dismiss and Judge Springmann's ruling, Snyder argues that only the first 30 days should be excluded, not the extra 30 that Judge Springmann requested, because on the day of the hearing—August 24, 2020—the judge had already received all of the documents necessary to start the 30-day clock under 18 U.S.C. § 3161(h)(1)(H).

The Court rejects these arguments for several reasons. First, Snyder forfeited both points. In his initial brief, he prominently included a chart setting out the periods that he contended were and were not appropriately excluded. Def.'s Mot. at 4. In this chart, he identified both of these periods as excluded under the Act but included a reference "but see fn. 3 below." In that small-type footnote, Snyder stated that for "purposes of the record only" his position was that these two periods were not excluded under the Act but further stated that because he believed the non-excludable time exceeded 70 days even without these periods, he would not "push" the points. And he didn't; he left these points undeveloped and made no effort to explain why the Court

---

Snyder takes issue with only 30 of the 60 days it took Judge Springmann to issue her ruling on the motion.

should ignore his express waivers before Judges Van Bokkelen or Springmann.  "As litigants have often been reminded, a skeletal argument, really nothing more than an assertion, does not preserve a claim."  *United States v. Macchione*, 660 F. Supp. 2d 918, 926 (N.D. Ill. 2009) (alterations accepted) (internal quotation marks omitted) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also United States v. Lupton*, 620 F.3d 790 n.2, 803 (7th Cir. 2010) ("An exiguous mention . . . does not a developed argument make") .  It wasn't until his reply brief that Snyder made full-fledged arguments to press either of these points.  This is likely because it did not become apparent until he saw the government's response that the treatment of these two periods could make a difference in the outcome.  But this is pretty close to the very definition of a forfeiture, or even a waiver:  not arguing or effectively whispering some points because others seem more important.

Second, aside from forfeiture, Snyder *affirmatively agreed* to both of these continuances and to the exclusion of time under the Act.  He cannot take that back now.  In other words, Snyder isn't entitled to rescind his concessions because it no longer serves his interests.  *See United States v. Wasson*, 679 F.3d 938, 948–49 (7th Cir. 2012) (citing cases that discuss the unfairness of a defendant agreeing to or seeking a continuance only to later assert that insufficient findings were made under the Act, but declining to decide whether estoppel prevents a party from challenging a continuance on that basis).  Snyder's circumstances are nothing at all like those the Supreme Court faced in *Zedner v. United States*, 547 U.S. 489 (2006), which Snyder cites.  *Zedner* concerned a defendant's prospective waiver of the Speedy Trial Act at the outset of his case.  *Id.* at 502.  In this case, Snyder did not waive the Act's application, and his waiver

was not prospective.  Rather, he contemporaneously agreed that particular continuances and time exclusions were proper.  Put simply, Snyder is asking "to sandbag the government by insisting that the time be counted against the speedy trial clock" even though he "explicitly agree[d] to the government's request that time be excluded."  *See United States v. Baskin-Bey*, 45 F.3d 200, 204 (7th Cir. 1995).  There is no basis in law to support this.

Third, even if he was entitled to rescind his concessions and argue the point now, Snyder's arguments still lack merit.  The Court addresses the 45-day continuance first.  At bottom, Snyder's argument is that Judge Van Bokkelen failed to make sufficient ends-of-justice findings because he didn't tick off all the Act's relevant statutory elements contemporaneously with his granting the government's motion.  This, however, was not required; a judge may rely on the words of the party's motion.  *See Wasson*, 679 F.3d at 947 ("Although it may have been better for the district court to spell out its agreement with Wasson's motion when granting it, the fact that Wasson's motion laid out the reasons supporting the continuance and the court subsequently granted the motion satisfies us the court considered the appropriate factors.").

It is apparent from the record that Judge Van Bokkelen, in excluding the 45 days, relied on the government's request, which sufficiently addressed the ends-of-justice factors under § 3161(h)(7)(B).  During the status conference, the government explained that the United States Attorney's Office in Chicago (rather than the office in Northern Indiana) was supervising Snyder's case and would need time to review the entirety of the trial's transcripts to make an "informed decision" on whether to retry Count 2.  Dkt. no. 388 at 4.  In the "interests of justice," the government asked for a 45-day

10

continuance and that the time be excluded under the Act.[6]  *Id.*  The government's request is reasonably interpreted as invoking the second factor in the Act: "the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(7)(B)(ii).  That aside, if the explanations given by Judge Van Bokkelen or by the government were insufficient, one would have expected Snyder to say so at the time.  The fact that he didn't indicates that the rationale offered by the government was sufficient or at least that Snyder perceived it as such.

    Next the Court considers Snyder's newly-minted challenge to Judge Springmann's exclusion of an extra 30 days following arguments on the defense motions to dismiss.  As the Court has noted, Judge Springmann held argument on the relevant motions on August 24, 2020 and, at the conclusion of that argument, indicated that it would take her approximately 60 days to issue a decision, rather than 30 as she had originally expected.  Judge Springmann explained that she required additional time due to, among other things, the length of the oral arguments and that she wanted "to receive the transcript."  Dkt. no. 403 at 120.  She stated that she "would like to make sure there are no issues with that additional time . . . and effectively extending the time period that might otherwise bump against the speedy trial time limits."[7]  *Id.*  When Judge

---

[6] Again, Snyder *agreed* to this exclusion of time. When Judge Van Bokkelen asked if Snyder had "any problem with" the exclusion of time, Snyder's counsel said "I don't think so." Dkt. no. 388 at 4. Judge Van Bokkelen pushed defense counsel, stating: "By I don't think so, is that going to change?" *Id.* Snyder's counsel said, "No." *Id.*

[7] Here is the complete quote of Judge Springmann's remarks:

11

Springmann directly asked defense counsel, "Would there be any concern or issues in that regard for the Defense?" Snyder's attorney stated: "Your Honor, we have no objection to that calendar." *Id.* Given this express agreement, the Court's conclusions regarding Judge Van Bokkelen's continuance—relating to Snyder's forfeiture, agreement, and estoppel—apply with equal force here.

That aside, under 18 U.S.C. § 3161(h)(1)(H), a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is automatically excluded. A proceeding is "under advisement" once "the court receives all the papers it reasonably expects" on the motion. *Henderson v. United States*, 476 U.S. 321, 329 (1986). Snyder now argues, contrary to his position at the time, that the Speedy Trial Act clock started to run once Judge Springmann had received the parties' PowerPoint presentations (on August 24, 2020 during the oral argument) and not later when she obtained a copy of the oral-argument transcript. For that reason, Snyder now contends, the 30-day delay

---

My estimate on getting a decision out, a ruling with regard to the two motions to dismiss, I think I'm going to recommend extending that; and I just want to make sure there would be no issues in doing the same, so that the Court can review the arguments today from the transcripts that the court reporter will be preparing.

I had anticipated being able to do so within 30 days from today's date; but given the amount of time the Court has taken in on the arguments, the supplemental authority that was filed in August 20th, and the additional information highlighted and presented, the Court thinks it may be closer to 60 days. And so I've kind of circled October 24, 2020 to get an opinion out. I would like to make sure there are no issues with that additional time for the Court to receive the transcript and incorporate the Power Points of today's oral argument, and effectively extending the time period that might otherwise bump against the speedy trial time limits. Would there be any concern or issues in that regard for the Defense?

Dkt. no. 403 at 120.

12

provided by section 3161(h)(1)(H) ended on September 23, and the clock began running again on September 24.

Contrary to Snyder's argument, the guidance is *Henderson* is not limited to the parties' briefs.  The Supreme Court explained the 30-day delay begins when a motion is "'under advisement,' i.e., 30 days from the time the court receives all the papers it reasonably expects."  *Henderson*, 476 U.S. at 329.  Judge Springmann made it clear that among the papers she reasonably expected and needed before issuing a decision was the transcript of the hearing.  The docket shows the hearing transcript wasn't available until September 23, 2020.  *See* Dkt. no. 403.  Judge Springmann issued her opinion 29 days after that, on October 22, 2020, within the 30-day excluded period.  Thus, even if Snyder has not forfeited or waived the point or is not estopped from making the 180-degree turn he is now attempting, his argument fails on the merits.

In sum, both continuances tolled the Speedy Trial Act clock.

### 3. Final calculation

The chart below outlines the events that occurred over the period and totals the number of the non-excluded days.  As noted earlier, "for motions that are filed and remain pending" courts must "count from and including the date the motion was filed through and including the date it was resolved."  *United States v. Bell*, 925 F.3d 362, 374 n.1 (7th Cir. 2019).

| Date | Non-excluded days | Event |
| --- | --- | --- |
| Nov. 28 – Dec. 6, 2019 | 9 | No exclusion applies |
| Dec. 7, 2019 – Jan. 20, 2020 | | Government requests 45-day continuance to review trial transcripts; Snyder did not object to the 45-day continuance and agrees to exclude this time from calculation under the Act (Dkt. no. |

| | | |
|---|---|---|
| | | 325) |
| Jan. 21 – 26, 2020 | 6 | No exclusion applies |
| Jan. 27 – 28, 2020 | | Defense attorney motion to withdraw (Dkt. no. 349, 351) |
| Jan. 29 – 30, 2020 | | Defense attorney motion to withdraw (Dkt. no. 352, 353) |
| Jan. 31 – Feb. 2, 2020 | 3 | No exclusion applies |
| Feb. 3 – 10, 2020 | | Joint motion to continue pretrial and trial dates (Dkt. no. 354, 355) |
| Feb. 11, 2020 | 1 | No exclusion applies |
| Feb. 12 – 13, 2020 | | Government's unopposed motion to continue hearing (Dkt. no. 356, 357) |
| Feb. 14 – March 4, 2020 | 20 | No exclusion applies |
| March 5 – Oct. 22, 2020 | | Defense motions to dismiss on double jeopardy and "supervisory authority" grounds (Dkt. no. 363–66, 404–05); at oral argument on August 24, 2020, the parties agreed to exclude time between argument and the issuance of Judge Theresa Springmann's opinion (no later than October 24, 2020) (Dkt. no. 402) |
| Oct. 23 – Nov. 15, 2020 | 24 | No exclusion applies |
| **TOTAL:** | **63 days** | |

In sum, only 63 non-excluded days have passed since the order granting a new trial.  Snyder's rights under the Speedy Trial Act have not been violated.

**B.   Constitutional right to a speedy trial**

The Sixth Amendment right to a speedy trial is "triggered when an indictment is returned against a defendant."  *Hills*, 618 F.3d at 629.  To determine whether a pretrial delay violates the Sixth Amendment, courts consider: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant caused by the delay."  *United States v. Thomas*, 933 F.3d 685, 694 (7th Cir. 2019).

   **1.   Length of the delay**

"[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from

14

'presumptively prejudicial' delay.  *Doggett v. United States*, 505 U.S. 647, 651–52 (1992).  "The length of the delay . . . is not so much a factor as it is a threshold requirement: without a delay that is presumptively prejudicial, [courts need not examine] other factors."  *Hills*, 618 F.3d at 629–30 (alterations accepted) (internal quotation marks omitted).  The Seventh Circuit has said that "delays approaching one year [are] presumptively prejudicial."  *United States v. White*, 443 F.3d 582, 589–90 (7th Cir. 2006).

Snyder argues that the proper way to determine the length of the delay is to count from the date of his indictment, November 17, 2016, to the present.  If Snyder not yet had a trial, this would make sense.  But there was a trial, held in January-February 2019.  After that, a new trial was granted on Count 2 on Snyder's motion.  In the Court's view, it would defy logic and common sense to count from November 2016 to now and pretend the earlier trial never happened.  It therefore seems to the Court that the more appropriate start date is the date the order for a new trial was entered, November 27, 2019.  Regardless, no matter the start date, a year or more has passed and Snyder's retrial has not occurred, so the delay is presumptively prejudicial.

**2.     Blame for delay**

Turning to the second factor, reason for the delay, "[b]ecause pretrial delay is often both inevitable and wholly justifiable, different weights should be given to different reasons for delay."  *Hills*, 618 F.3d at 630 (alterations accepted) (citations omitted).  "Delays due to the complexity of the case . . . support a finding that no Sixth Amendment violation occurred."  *Id.*  "[D]elays resulting from defense counsel's need to prepare are attributable to the defendant," while "delays resulting from a trial court's

15

schedule are ultimately attributed to the government, but weighted less heavily." *Id.*

Nearly all of the delay in bringing Count 2 to trial since Judge Van Bokkelen granted a new trial has been the result of the global pandemic and the resulting inability to conduct a trial in a manner that is safe for jurors, litigants, and court staff. That delay cannot rationally be attributed to the prosecution and cannot be viewed as anything other than completely justifiable. Snyder does not argue otherwise.

The two delays Snyder presses—resulting from consideration of his motions related to the government's seizure of his e-mail and his post-trial motions—are arguably attributable to him, not the government. Though Snyder acknowledges this, he argues that because these motions were necessary to challenge what he claims was unethical government conduct, the government must share some of the burden as well. But, of the many allegations of governmental misconduct Snyder has advanced to date, the vast majority have been rejected.[8] On balance then, the majority of this delay is appropriately attributed to Snyder. This factor cuts against finding a constitutional violation.

### 3. Assertion of speedy trial rights

The parties agree that Snyder asserted his right to a speedy trial on November 2, 2020. But this assertion occurred after the delays that Snyder argues violated his speedy trial rights. As a result, his late assertion "does not weigh strongly in his favor." *See United States v. Patterson*, 872 F.3d 426, 436 (7th Cir. 2017); *see also White*, 443 at 590–91 (stating that because defendant's speedy-trial assertion came three months

---

[8] In 2018, Judge Van Bokkelen precluded the government from using certain exhibits at trial after determining that the government failed to appropriately filter out e-mails that contained privileged attorney-client communications.

16

after the delay had occurred, this factor did "not weigh strongly in his favor").

### 4. Prejudice resulting from delay

Finally, the Court must examine whether Snyder has been prejudiced as a result of the delay of his trial.  "Prejudice to the defendant is assessed in light of the interests which the speedy trial right was designed to protect."  *Patterson*, 872 F.3d at 436.  Those rights are: "preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the accused, and [—the one given the most weight—] limiting the possibility that the defense will be impaired by the delay."  *Id.*

Snyder is not in pretrial detention, so that is not at issue here.  He does not argue that his defense has been limited by delay, nor does he argue that he suffers from undue anxiety or concern as a result of the delay.  Instead, he summarily argues that a litany of "major evils" listed in *United States v. Marion*, 404 U.S. 307, 320 (1971), are present in this case.  Even if the Court were to interpret the invocation of the *Marion* "evils" as a contention that Snyder suffers from undue anxiety or concern as a result of the delay of his trial, he has not offered evidence to support those claims.  When a defendant fails to offer evidence of anxiety beyond a "general assertion" that he is afflicted, courts "need not give [such claims] much weight."  *Hills*, 618 F.3d at 632.

Weighing the four factors together, although the delay was presumptively prejudicial within the meaning of *White*, the other factors do not support finding a constitutional violation:  most of the relevant delay is appropriately attributed to Snyder; he asserted his right after the events that he alleges caused the delay occurred; and he suffered no specific prejudice from the delay.

**Conclusion**

For the reasons stated, the Court denies Snyder's motion to dismiss [dkt. no. 425].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  February 3, 2021