UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES E. SNYDER | No. 16 CR 160<br><br>Judge Gretchen S. Lund |

### GOVERNMENT'S STATUS REPORT

The UNITED STATES OF AMERICA respectfully submits the following status report:

1. On November 17, 2016, a grand jury sitting in the Northern District of Indiana returned an indictment charging defendant James Snyder with two counts of federal program bribery in violation of 18 U.S.C. § 666(a)(1)(B) (Counts 1 and 3), and one count of corruptly obstructing the Internal Revenue Service's administration of the federal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count 4). R. 1.

2. In late 2017, after the indictment, defendant's prior counsel became United States Attorney for the Northern District of Indiana. After his appointment, representatives of the U.S. Attorney's Office in the Northern District of Indiana were recused from the case, with the exception of the Assistant U.S. Attorneys and staff members who had been involved in the case up until that point. Because of the recusal and in accordance with Department of Justice procedures, a new office, namely, the U.S. Attorney's Office for the Northern District of Illinois began supervising the matter.

3. On February 14, 2019, the two Assistant U.S. Attorneys from the Northern District of Indiana who were not recused from the case tried the defendant to verdict in the first trial, which was held in the Northern District of Indiana. A jury convicted defendant on Count 3 (federal program bribery) and Count 4 (obstructing the IRS) and acquitted him on Count 1 (federal program bribery). R. 256. Subsequently, on November 27, 2019, the district court (sitting in Indiana) granted defendant's motion for a new trial on Count 3, the federal program bribery count that resulted in his conviction. R. 322.

4. For the second trial, the United States retried defendant on Count 3 of the indictment (R. 482), by one Assistant U.S. Attorney from the Northern District of Indiana and one Assistant U.S. Attorney from the Northern District of Illinois. The trial was held in the United States District Court for the Northern District of Indiana and was overseen by a judge from the Northern District of Illinois. On March 19, 2021, the second jury again found defendant guilty of federal program bribery (Count 3). R. 508.

5. On October 13, 2021, the district court sentenced defendant to concurrent terms of 21 months' imprisonment on each of the two counts of conviction, namely, Count 3, federal program bribery (based on the conviction returned by the jury at the second trial), and Count 4, obstructing the IRS (based on the conviction returned by the jury at the defendant's first trial). R. 567, 568.

6. Defendant appealed both counts of conviction. The Seventh Circuit affirmed the district court's judgment as to both counts. *United States v. Snyder*, 71 F.4th 555 (7th Cir. 2023) ("*Snyder I*").

7. On August 1, 2023, the defendant filed a petition for writ of certiorari with the United States Supreme Court. The sole question presented in the defendant's petition was whether the federal program bribery statute (§ 666(a)(1)(B)) prohibited the solicitation of gratuities.

8. On December 13, 2023, the Supreme Court granted certiorari to address a split in the lower courts concerning the scope of the statute. On June 26, 2024, the Supreme Court held that § 666 applies to bribes, but not to after-the-fact gratuities. *Snyder v. United States*, 603 U.S. 1, 10-20 (2024). The Supreme Court remanded the case to the Seventh Circuit for further proceedings. *Id*. at 20.

9. On November 20, 2024, after remand from the Supreme Court, the Seventh Circuit remanded this case to this Court for a new trial on Count 3, federal program bribery. *United States v. Snyder*, No. 21-2986, 2024 WL 4834037, at *2 (7th Cir. Nov. 20, 2024) ("*Snyder II*"). The Seventh Circuit concluded, consistent with its decision in *Snyder I*, that the evidence introduced at trial was sufficient beyond a reasonable doubt to prove bribery. *Id*. Further, the Seventh Circuit concluded that, because the evidence was sufficient to convict on a bribery theory, the Double Jeopardy Clause did not bar a new trial. *Id*. (citing *United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015)).

10. Thereafter, the Seventh Circuit denied Snyder's petition for rehearing and for rehearing en banc on March 3, 2025. *United States v. Snyder*, No. 21-2986, ECF 94 (7th Cir. March 3, 2025).

11. Trial in this case is scheduled to begin on September 15, 2025. R. 619.

12. This case has been pending for nearly nine years. The defendant stands convicted of the felony offense of corruptly obstructing the Internal Revenue Service's administration of the federal revenue laws. At this point, the United States believes the interests of justice are best served by proceeding to sentencing on the current count of conviction for Count 4 (the tax conviction), at which time it intends to present evidence of defendant's bribery activities as part of its presentation on the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a). If defendant is sentenced as to Count 4, the government will move to dismiss Count 3 after imposition of sentence.

13. The government asks the Court to set a sentencing date on the count of conviction within the next 90 days.

14. A thorough presentence investigation report has been completed. The government does not believe any updates to the PSRs are necessary; to the extent there are additional objections or factual matters the parties wish to raise, those can be addressed through the parties' sentencing papers.

15. The government requests that time remain excluded on all pending counts through September 15, 2025, as previously ordered by the Court (R. 619), or until the sentencing date set by the Court, whichever is later.

WHEREFORE, the government respectfully requests that the Court schedule sentencing on the count of conviction within the next 90 days and strike all pretrial motion deadlines.

        Respectfully submitted,

        PAMELA BONDI
        ATTORNEY GENERAL

        ANDREW S. BOUTROS
        UNITED STATES ATTORNEY

By:   /s/ *Julia K. Schwartz*
        RICHARD M. ROTHBLATT
        JULIA SCHWARTZ
        Assistant U.S. Attorneys
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604