UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.

JAMES E SNYDER

Case No. 2:16-CR-00160-GSL-JEM

**OPINION AND ORDER**

On November 17, 2016, a federal grand jury indicted Defendant for two counts of federal funds bribery (28 U.S.C. § 666) and one count of obstructing the IRS (26 U.S.C. § 7212). [DE 1]. In February 2019, a jury acquitted Defendant on the first § 666 charge (Count 1) but found him guilty on the other (Count 3). [DE 256]. Defendant was also convicted on the tax count (Count 4). [*Id.*]. In March 2021, Defendant was retried on Count 3 only and convicted. [DE 508]. At the sentencing hearing in October 2021, Defendant was sentenced to 21 months imprisonment on each of Count 3 and Count 4, to be served concurrently. [DE 565]. The Seventh Circuit affirmed the conviction on Count 3, but the Supreme Court reversed that decision, holding that § 666 does not criminalize local officials accepting gratuities for past official acts. *United States v. Snyder,* 71 F.4th 555 (7th Cir. 2023), *rev'd,* 603 U.S. 1 (2024). On remand, the Seventh Circuit concluded that the government may pursue a new trial on a bribery-only theory. *United States v. Snyder*, No. 21-2986, 2024 WL 4834037 (7th Cir. Nov. 20, 2024). Subsequently, the matter was assigned to this Court, and trial was set to begin on September 15, 2025. [DE 619].

On May 8, 2025, Defendant filed a motion requesting that the Government provide several items, including the entire record of the grand jury proceeding. [DE 631, ¶¶ 1, 2]. Defendant asserts that these items are necessary for his preparation of a motion to dismiss the indictment, or motions in limine, or both. *E.g.*, [*Id.*, ¶¶ 1, 3] *and* [DE 632]. The Government did

not file a response. Rather, it filed a "Status Report," wherein it represents that it will not be pursuing Count 3, thereby mooting Defendant's discovery motion. [DE 634]. Further, the Government requests that Count 4 be set for sentencing, at which time it will move to dismiss Count 3. [*Id.*, ¶ 12]. It also states its intent to discuss the conduct underlying Count 3 when arguing § 3553(a) factors at sentencing. [*Id.*].

All parties are in agreement that this long-standing matter should end, that Count 4 is ripe for sentencing, and that Count 3 should be dismissed. Their disagreement is over how and when Count 3 is dismissed. Defendant opposes dismissal of Count 3 at sentencing. [DE 636]. To allow this, he argues, would allow the Government "to hold the defendant [and the Court]" hostage. [*Id.*, at Page 1]. He further takes issue with the Government's intention to present evidence of the conduct underlying Count 3 during its argument on the sentencing factors outlined in 18 U.S.C. § 3553(a). In reply, the Government commits that it is not seeking any guideline enhancements, e.g., introducing this as relevant conduct, nor would any bribery guideline provisions apply considering Count 4 is for different conduct. [DE 638, Pages 1–2].

Both parties presume the Court will consider that conduct relevant for purposes of § 3553(a) argument, or that this Court will give it more weight. Such assumptions are not only unfounded, but also, they are premature. Argument on the propriety or relevance of a § 3553(a) factor is best left for sentencing memoranda and argument at the sentencing hearing. The presentation of aggravating and mitigating factors in those forums allows the presiding judge to consider all such factors at once. Finally, these factors are not yet ripe for argument; they will become so upon the issuance of a new Presentence Report, which the Court shall order.

In a footnote, Defendant argues that should the Court not dismiss Count 3 before sentencing, Defendant needs the items requested in his discovery motion for the § 3553(a)

argument. [DE 636, fn. 3]. The Court is unconvinced that the materials are necessary for that purpose.

## CONCLUSION

It is hereby Ordered that: (1) Defendant's Discovery Motion [DE 631] is denied as moot; (2) the sentencing hearing for Count 4 is set for September 3, 2025 at 9:00 a.m., at which time the Government shall dismiss Count 3; (3) the trial date is vacated, as well as all attendant deadlines for filing pretrial motions; (4) by separate order, a new Presentence Report will be ordered, and deadlines for objections to the Presentence Report and the sentencing memoranda will be set; and (5) but for filing objections, if any, to the draft of the new Presentence Report and the parties' respective sentencing memoranda, all parties must seek leave of this Court before filing any additional motions before sentencing.

        SO ORDERED.

        ENTERED: June 6, 2025

/s/ GRETCHEN S. LUND  
Judge  
United States District Court