UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES E. SNYDER, <br><br> Defendant. | Case No. 2:16-CR-00160-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Leave to File Motion for New Trial [DE 656] filed by Defendant, James E. Snyder ("Snyder"), on October 31, 2025. The Government filed its Response [DE 659] on November 14, 2025, and Snyder replied [DE 660] on November 21, 2025. For the reasons set forth below, the Motion is **DENIED**.

**Background**

The long life of this case is well known to both parties; therefore, the Court will only briefly summarize the history relevant to the instant Motion. On November 17, 2016, a federal grand jury indicted Snyder on two counts of federal funds bribery (28 U.S.C. § 666) and one count of obstructing the IRS (26 U.S.C. § 7212). [DE 1]. In February 2019, a jury acquitted Snyder on one bribery count but found him guilty on the other (hereinafter referred to as "bribery count"). [DE 256]. He was also convicted on the tax count (hereinafter referred to as "tax count"). [*Id.*].

Snyder moved for a new trial on the tax count, as well as the bribery count for which he was convicted of. [DE 263]. The Court granted his request in part, and ordered a new trial on the bribery count only, reaffirming his conviction on the tax count. [DE 322]. At the new trial, Snyder

was convicted of the bribery count. [DE 508]. He was sentenced to 21 months imprisonment on each count, to be served concurrently. [DE 565].

Snyder appealed his conviction on both counts, the Seventh Circuit affirmed it, but the Supreme Court reversed that decision, as to the bribery count, holding only that § 666 does not criminalize local officials accepting gratuities for past official acts. *United States v. Snyder,* 71 F.4th 555 (7th Cir. 2023), *rev'd,* 603 U.S. 1 (2024). On remand, the Seventh Circuit concluded that the Government may pursue a new trial on the bribery count under a bribery-only theory. *United States v. Snyder*, No. 21-2986, 2024 WL 4834037 (7th Cir. Nov. 20, 2024). Subsequently, the matter was assigned to this Court, and trial was set to begin on September 15, 2025. [DE 619]. However, on May 15, 2025, the Government informed the Court that it will not be pursuing the bribery count and will move to dismiss it at Snyder's sentencing on the tax count. [DE 634]. As a result, the Court set this matter for sentencing, currently scheduled for January 14, 2026. [DE 639, 654]. Now, amid preparation for sentencing, and over five months after the Government indicated its intent to dismiss the bribery count, Snyder filed the instant Motion requesting that the Court grant him leave to file a motion for new trial on the tax count. [DE 656].

## Discussion

In his Motion, Snyder argues that the Court should grant him leave to file a motion requesting a new trial on the tax count because, *inter alia*, even though the trial took place six years ago, it was not until May 2025 that the Government first represented its intentions to dismiss the remaining bribery count. [DE 656 at 3]. More specifically, Snyder believes that he is entitled to a new trial on the tax count based on the theories of "prejudicial spillover and/or retroactive misjoinder from the bribery count." [*Id.*]. He argues that the 2019 trial was "dominated" with evidence that supported the bribery charge, and that the Government presented that evidence for 13 days of the 15-day trial. [*Id.* at 2]. Synder maintains that this caused the Government to

2

repeatedly interchange and cross-reference the bribery charge evidence with the tax count evidence, therefore "anchoring its tax theory to the emotional force and inflammatory nature of its case on the [bribery count]." [*Id.*].

Snyder further argues that the instant request is timely because "retroactive misjoinder, by definition, arises only when counts that were properly joined at the time of the trial later become improper due to post-trial developments[.]" [*Id.* at 5]. The Government opposes this request in all regards. *See generally* [DE 659].

Application of retroactive misjoinder is uncommon in federal courts generally, but especially within the Seventh Circuit. *See U.S. v. Santos*, 20 F.3d 280 (7th Cir. 1994); *U.S. v. Holzer*, 840 F.2d 1343 (7th Cir. 1988); *U.S. v. DiCaro*, 772 F.2d 1314 (7th Cir. 1985). However, when the Seventh Circuit has spoken on this, it is skeptical of such a concept: "the time to decide whether it is fair to subject a defendant to a single trial for a variety of crimes, given the risk that evidence introduced to support some of these crimes may infect the jury's consideration of the others, is before trial, when the defendant can complain of misjoinder under Fed. R. Crim. P. 8(a) or move for severance under Rule 14." *Santos*, 20 F.3d at 285; *see also Holzer*, 840 F.2d at 1349 (holding that "[w]hen … the jury acquits a defendant of some counts in a multi-count indictment, the defendant is not entitled to a new trial on the counts of which he was convicted, on the theory that the conviction was tainted by evidence, which the jury heard, relating to the counts on which he was acquitted").

This Court can appreciate that there are situations where the basis for a new trial materializes outside of the 14-day period authorized under Rule 33(b)(2), perhaps even those where retroactive misjoinder can be applied, but this situation is not that. Snyder was not only privy to the evidence available to the Government for use as to each count, and the similarities, or lack thereof, between the counts before the 2019 trial, but he was most certainly aware of the

alleged "prejudicial or spillover" effect that trying the counts together created at the conclusion of the trial – *six years ago*. Therefore, he could have raised this issue within 14 days after the 2019 trial, in his motions for new trial before this Court in 2019 [DE 263] and in 2021 [DE 517], in his appeal before the Seventh Circuit, in his appeal before the Supreme Court, or five months ago when the Government represented its intent to dismiss the bribery charge, but he did not.[1] Requesting a new trial at this point is simply too late. Therefore, granting leave to file such a motion is unwarranted.

Finally, Snyder requests an oral argument due to "the significant factual disputes". [DE 660 at n.1]. First, the Court does not need to decide any facts in order to reach its decision to deny Snyder leave to file his motion for new trial. Second, the purpose of an oral argument is to clarify and isolate the issues ripe for decision. There is no confusion as to the issue presently before the Court. Therefore, an argument would be futile, and the request is denied.

## Conclusion

For the foregoing reasons, the Motion for Leave to File Motion for New Trial [DE 656] is **DENIED**. Sentencing in this matter is **REAFFIRMED** for January 14, 2026. Sentencing Memorandum are due by December 30, 2025.

SO ORDERED.

ENTERED: November 26, 2025.

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[1] The Court wants to clarify that by stating Snyder "could have" filed a motion for new trial at the various points in time listed above, does not mean that such a motion automatically would have been considered timely then. Rather, this shows how long this "argument" has been available to Snyder and how many times he could have raised it in the past but chose not to.